# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JAMES A. ADAIR, *et al.*, ) | |
| Plaintiffs, ) | No. 20-1148C |
| v. ) | Filed: December 30, 2021 |
| THE UNITED STATES, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, 230 current and former employees at the United States Penitentiary ("USP") Lee near Pennington Gap, Virginia, filed their Complaint seeking "declaratory judgment, backpay, and other relief" for allegedly uncompensated work performed for the U.S. Department of Justice, Bureau of Prisons. Pls.' Compl. ¶ 1, ECF No. 1. Before the Court is the Government's Motion to Dismiss Plaintiffs' action under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") for failure to state a claim upon which relief can be granted, or, in the alternative, for a more definite statement under RCFC 12(e). Also before the Court are Plaintiffs' Motions for Leave to File Notices of Supplemental Authority.

For the reasons discussed below, Plaintiffs' Complaint alleges facts sufficient to survive the Government's Motion, but the Court lacks jurisdiction to entertain any claims or requests for relief under the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201–2202, and 28 U.S.C. § 1331. Consequently, the Government's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Because the Court has made this determination without consideration of Plaintiffs' first Notice of Supplemental Authority, the Court **DENIES AS MOOT** Plaintiffs' first motion for leave to file the same. The Court has considered Plaintiffs' second Notice of

Supplemental Authority, attaching recent decisions in analogous suits pending in this court, and thus it **GRANTS** Plaintiffs' second uncontested motion for leave to file the same.

## I. BACKGROUND

### A.   Statutory and Regulatory Background

The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, as amended by the Portal-to-Portal Act of 1947, 29 U.S.C. § 251 *et seq.*, requires qualifying employers to compensate non-exempt employees for hours worked in excess of 40 hours per week at one and one-half times the employees' regular rate. 29 U.S.C. § 207; *see* 5 C.F.R. § 551.501. Employers who violate this provision of the FLSA are liable to their effected employees in the amount of their unpaid overtime wages. 29 U.S.C. § 216.

"Activities performed either before or after the regular work shift . . . are compensable under the portal-to-portal provisions of the [FLSA] if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed and are not specifically excluded . . . ." *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956). The United States Supreme Court has held that "any activity that is integral and indispensable to a principal activity is itself a principal activity" under the FLSA. *IBP, Inc. v. Alvarez*, 546 U.S. 21, 37 (2005) (internal quotation marks omitted). On the other hand, activities that are merely "preliminary to or postliminary to said principal activity or activities" are not compensable. 29 U.S.C. § 254(a)(2).

Additionally, de minimis work is not compensable. *See Bobo v. United States*, 136 F.3d 1465, 1468 (Fed. Cir. 1998) ("When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded." (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946))). Regulations promulgated by the Office of Personnel Management provide that an employee's preparatory or concluding activities that

exceed 10 minutes per workday are not de minimis so long as they are "closely related to an employee's principal activities" and are "indispensable to the performance of the principal activities." 5 C.F.R. § 551.412(a)(1).

### B. Factual Background

USP Lee is a high-security federal prison housing over 1,300 inmates. ECF No. 1 ¶ 8. Plaintiffs are current and former correctional workers at USP Lee, including both correctional officers and non-custody workers assigned to food services, unit counselors, and correctional services officers. *Id.* ¶ 4. The Complaint alleges that Plaintiffs regularly work 15–30 minutes each shift without pay. *Id.* ¶ 13. They assert that this unpaid work occurs in part because there are three non-overlapping, eight-hour shifts for correctional officers that run 24 hours per day at USP Lee, and their compensable responsibilities cause them to work beyond their shift times. *Id.* ¶ 15.

Plaintiffs allege that their workdays begin by clearing a COVID-19 health screening and then a daily security screening, which is conducted to assure no outside contraband enters USP Lee. *Id.* ¶ 17; *see* Pls.' Opp'n to Def.'s Mot. to Dismiss Or, In the Alternative, for a More Definite Statement at 9, ECF No. 11. Plaintiffs allege that they next don duty belts, vests, and other required equipment before clearing the control center sally port and walking to their respective posts in the prison. ECF No. 1 ¶ 17. On their way there, they allegedly "observe and correct inmate behavior, respond to inmate questions, check for security breaches in the perimeter fence and elsewhere[,] check for contraband, run to locations where body alarms sound, and respond to other emergencies as they arise." *Id.* ¶ 19. Once they arrive at their posts, Plaintiffs allege that they continue to perform unpaid work by exchanging information and equipment with the outgoing workers whose shifts are ending. *Id.* ¶ 20. At the end of their shifts, Plaintiffs then partake in this procedure in reverse. *Id.* ¶ 22.

Further, although not all Plaintiffs are correctional officers, they allege that the non-custody workers are "augmented and assigned" to correctional officers' posts and take on the same unpaid work subject to the same non-overlapping, eight-hour shifts. *Id.* ¶ 25. Plaintiffs allege that both correctional officers and non-custody workers are wrongfully uncompensated for the time they spend performing the duties described above. *Id.*

### C.   Procedural History

Plaintiffs filed suit in this Court on September 4, 2020, seeking declaratory judgment, an accounting of the compensation to which they are entitled, monetary damages for unpaid compensation, along with attorneys' fees and any other just relief. *Id.* at 19–20 (Prayer for Relief). Plaintiffs claim they are owed overtime backpay for the time they spend completing their pre- and post-shift activities. *Id.* ¶¶ 30–31.

On February 1, 2021, the Government moved to dismiss Plaintiffs' claims pursuant to RCFC 12(b)(6). In its Motion, the Government avers that Plaintiffs' Complaint lacks sufficient detail to state a claim under the FLSA. Def.'s Mot. to Dismiss at 6, ECF No. 10. The Government argues that Plaintiffs' allegations are inappropriately generalized to all Plaintiffs despite it being "clear that not every generalized allegation applies to each plaintiff." *Id.* at 9. Further, the Government argues that Plaintiffs' description of their activities at USP Lee fails to inform whether those activities are compensable under the FLSA. *Id.* at 13. According to the Government, the various forms of "work" identified by Plaintiffs may be non-compensable either categorically or as a consequence of their short duration. *Id.* at 15. Without sufficient "factual enhancements," the Government argues that Plaintiffs' Complaint must be dismissed. *Id.* at 16.

Plaintiffs disagree, arguing that their Complaint sufficiently alleges facts that demonstrate plausible claims for relief. ECF No. 11 at 8. They contend that although their Complaint was

4

generalized and did not elaborate on the facts particular to each individual plaintiff, the FLSA and relevant case law does not require allegations beyond this type of generalized pleading. *Id*. at 12.

## II. STANDARD OF REVIEW

The Government moves to dismiss Plaintiffs' action under RCFC 12(b)(6) for failure to state a claim.[1] Dismissal under RCFC 12(b)(6) "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). To survive dismissal, Plaintiffs' Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009). For a complaint to be "plausible," it "does not need detailed factual allegations" but requires enough detail "to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. In the context of an FLSA claim, this court has held that to state a claim for relief plaintiffs must allege facts supporting an allegation that "they have worked in excess of their applicable workweek under the statute, and that they have not been compensated at least one and one-half times their regular rate for those hours." *Fed. Air Marshals v. United States*, 84 Fed. Cl. 585, 592 (2008); *see Whalen v. United States*, 80 Fed. Cl. 685, 688 (2008) (denying the Government's motion to dismiss where "[p]laintiffs' allegations fit comfortably within this template" set by the FLSA).

---

[1] Although the Government did not move to dismiss under RCFC 12(b)(1), it correctly argues that Plaintiffs' request for declaratory judgment under the DJA must fail as this Court does not have jurisdiction to grant relief under that statute. *See* ECF No. 10 at 17; *United States v. King*, 395 U.S. 1, 5 (1969). The Court likewise lacks jurisdiction under 28 U.S.C. § 1331. *See* ECF No. 10 at 17; 28 U.S.C. § 1331 (defining federal question jurisdiction of district courts). Accordingly, the Court dismisses any such claims or requests for relief pursuant to RCFC 12(h)(3) for lack of jurisdiction. The Government does not contest that the Court maintains jurisdiction over the remainder of Plaintiffs' suit.

When reviewing a Rule 12(b)(6) motion, the court "assume[s] all well-pled factual allegations are true" and makes "all reasonable inferences in favor of the nonmovant." *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327–28 (Fed. Cir. 2006). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to shield a complaint from dismissal. *Iqbal*, 556 U.S. at 678.

The Government alternatively requests that this Court order Plaintiffs to file a more definite statement under RCFC 12(e). Under that rule, a party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." RCFC 12(e). "In deciding whether a party is required to file a more definite statement of fact under Rule 12(e), 'the trial judge has full authority, in [her] discretion, to order a more definite statement or to take such other action as [s]he deems appropriate to focus the issues more clearly or definitely." *Quapaw Tribe v. United States*, 111 Fed. Cl. 725, 729 (2013) (quoting *Johns-Manville Corp. v. United States*, 12 Cl. Ct. 1, 16 (1987)). This court has recognized that RCFC 12(e) "is designed to remedy unintelligible pleadings, not to correct for lack of detail." *Id.* at 730 (quoting *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 456 (E.D.N.Y. 2009)).

### III. DISCUSSION

Plaintiffs have sufficiently pled facts in their Complaint to survive the Government's Motion to Dismiss. Further, the Complaint is not so vague or ambiguous that the Government cannot reasonably prepare a response to the same.

**A.    Plaintiffs' Complaint Contains Sufficient Facts to Allege that Each of the 230 Plaintiffs Performed Compensable Work.**

The Government argues that Plaintiffs' allegations are inappropriately generalized to all Plaintiffs despite it being "clear that not every generalized allegation applies to each plaintiff." ECF No. 10 at 9. According to the Government, the pleading standard requires that "[e]ach

6

plaintiff must allege with sufficient particularity facts regarding the nature of each plaintiff's employment." *Id*. at 14. The Court disagrees that in the context of an FLSA suit more specific, individual allegations are required.

Contrary to the Government's argument, a plain reading of the Complaint shows that Plaintiffs have alleged sufficient facts about their employment. Plaintiffs aver that each is a current or former correctional worker employed at USP Lee. ECF No. 1 ¶ 4. The Complaint avers that Plaintiffs have worked in excess of 40 hours per week without the full compensation to which they claim they are entitled under the FLSA. *Id*. ¶ 7. Specifically, they allege that they have all worked at least 15–30 minutes each shift without compensation. *Id*. ¶ 13. The Complaint includes factual allegations describing the extra, uncompensated time spent by each Plaintiff, including time "spen[t] clearing the required staff screening site, picking up and donning equipment, security work performed while traversing the Institution, completing a shift exchange with an out-going correctional officer[,]" *id*. ¶ 30, "completing a shift exchange with the on-coming correctional officer following their shift, . . . and dropping off equipment at the Control Center," *id*. ¶ 31. *See id*. ¶¶ 17–23. Plaintiffs allege that these activities are part of or related to their primary duty at USP Lee—*i.e.*, ensuring the safety and security of the Institution. *Id*. ¶ 9. Moreover, Plaintiffs allege facts regarding the operation of USP Lee and the organization of the shifts worked by Plaintiffs, the location of the 24-hour posts worked by Plaintiffs, and how non-custody correctional workers are augmented and assigned to correctional officer posts where they perform correctional officer duties. *Id*. ¶¶ 9–11, 14–15, 24–25.

Relying primarily on *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000), the Government claims that these common allegations are insufficient. ECF No. 10 at 13. As Plaintiffs correctly note, *Bautista* is distinguishable because it did not involve an FLSA collective

7

action. *See* ECF No. 11 at 16. In *Bautista*, several former employees of a restaurant brought an employment discrimination suit against the restaurant's new owner, alleging that they were each denied employment on account of their age, race, and/or physical disability while less qualified individuals who were not in these protected classes were employed. *Bautista*, 216 F.3d at 840. The Ninth Circuit found that the complaint included only "stray allegations of discriminatory policies or practices" and raised "hybrid[]" allegations "that qualify neither as class action allegations nor as statements of individual claims." *Id*. It held that to comply with Rule 8 of the Federal Rules of Civil Procedure each plaintiff in *Bautista* was required to separately allege facts, in separate counts, giving rise to their individual claims. *Id*.

The FLSA, however, specifically contemplates that claims for recovery of unpaid overtime compensation can be brought collectively by one or more employees on behalf of themselves and similarly situated employees. 29 U.S.C. § 216(b). The collective nature of a FLSA claim is premised on the notion that an employer may be liable to a group of employees through the application of a "common employment policy or plan." *Whalen v. United States*, 85 Fed. Cl. 380, 383 (2009); *see Barry v. United States*, 117 Fed. Cl. 518, 521 (2014) (holding that "similarly situated" FLSA plaintiffs "share 'common issues of law and fact arising from the same alleged [prohibited] activity.'") (alteration in original) (quoting *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989))). The issue of collective action certification is of course separate and not before the Court at this time, but the point remains that the statute itself contemplates that a claim for relief under the FLSA may be grounded on a common set of alleged facts rather than on individual factual allegations pertaining to each individual plaintiff. As Plaintiffs point out, requiring the level of factual detail that the Government suggests is necessary—for each of the 230 plaintiffs in

this matter—would produce a painfully long, redundant, and unwieldy Complaint.  *See* ECF No. 11 at 17.

Accordingly, while each Plaintiff will ultimately need to prove at the merits stage his or her entitlement to compensation for any compensable overtime hours worked, Plaintiffs need not at the pleading stage allege every detail of their individual employment circumstances.  *See Adegbite v. United States*, No. 20-1183 C, 2021 WL 5045268, at *6 (Fed. Cl. Oct. 29, 2021) (rejecting the same generalized-allegation argument raised by the Government in a FLSA case); *Whalen,* 80 Fed. Cl. at 688, 693–94 (denying motion to dismiss and for more definite statement in a FLSA case where the plaintiffs pled similar generalized allegations); *see also* RCFC 8(a)(2) (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief").  Plaintiffs' Complaint pleads facts sufficient to "give the [Government] fair notice of what the . . . claim is and the grounds upon which it rests" and, when taken as true, "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted).  That is all the pleading standard requires.

**B.** **Plaintiffs Plausibly Allege That They Have Performed Compensable Work That May Entitle Them to Relief under the FLSA.**

Plaintiffs claim that they are entitled to compensation for pre- and post-shift activities under the FLSA.  These allegedly compensable activities begin with Plaintiffs undergoing security screenings upon their arrival at USP Lee.[2]  ECF No. 1 ¶ 17.  The Government relies on *Integrity*

---

[2] Although Plaintiffs' Complaint contended that new protocols relating to COVID-19 required additional health screenings before Plaintiffs begin their workday, Plaintiffs failed to respond to the Government's argument that any time spent undergoing such health screenings is not compensable under the FLSA.  *See* Def.'s Reply to Pls.' Resp. to Def.'s Mot. to Dismiss at 8–9, ECF No. 18.  As such, Plaintiffs have conceded that aspect of their claim.  *See Cardiosom, LLC v. United States*, 91 Fed. Cl. 659, 664 (2010), *rev'd on other grounds*, 656 F.3d 1322 (2011).  Even if not conceded, this court has found in another FLSA case that similar allegations fail to state a

*Staffing Solutions, Inc. v. Busk*, 574 U.S. 27 (2014), and *Whalen v. United States*, 93 Fed. Cl. 579 (2010), to argue that Plaintiffs fail to state a claim because time spent undergoing such security screenings is ineligible for compensation under the FLSA as a matter of law. ECF No. 10 at 12. The Government's argument is unpersuasive.

*Integrity Staffing* and *Whalen* are factually and procedurally distinguishable from the case at hand. In *Integrity Staffing,* the United States Supreme Court held that the time spent by Amazon warehouse workers waiting to undergo and undergoing security screenings at the end of their shifts was not compensable under the FLSA. *Integrity Staffing*, 574 U.S. at 35. The Court held that the security screenings were neither a principal activity of Amazon warehouse employees nor integral and indispensable to those employees' principal activities, which involved retrieving products from warehouse shelves to fulfill online shopping orders placed by Amazon customers. *Id.* at 35–36 (noting that a 1951 Opinion Letter from the Department of Labor "drew no distinction between [] searches conducted for the safety of [] employees and those conducted for the purpose of preventing theft—neither were compensable under the Portal-to-Portal Act," *id.* at 36). The Court therefore reversed the Ninth Circuit and upheld the trial court's order dismissing the warehouse workers' FLSA complaint for failure to state a claim upon which relief can be granted. *Id.* at 30–31.

The plaintiffs in *Whalen* were air traffic control specialists seeking compensation in part for the time they spent undergoing mandatory security screenings before entering Edwards Air

---

claim for relief. *See Adegbite*, 2021 WL 5045268, at *8. The Court finds *Adegbite*'s analysis persuasive. Plaintiffs' alleged primary duties do not include preventing the spread of COVID-19 or responsibility for inmate health in general. *See* ECF No. 1 ¶¶ 17, 18. Therefore, such health screenings are not integral to Plaintiffs' alleged principal activity of maintaining safety and security at USP Lee, and, consequently, are non-compensable. *Adegbite*, 2021 WL 5045268, at *8.

Force Base. *Whalen*, 93 Fed. Cl. at 600. The Court of Federal Claims held that the principal activity of the air traffic controllers was directing and monitoring live air traffic from a control room. *Id.* at 583. As such, the security screenings in *Whalen* were not compensable because they did not have "some relation to plaintiffs' principal activities." *Id.* at 600. In so holding, however, the court specifically acknowledged the possibility that "security procedures may be integral to the duties of other types of employees [such as] those responsible for the security procedures themselves." *Id.* Notably, *Whalen* did not dispose of this issue on the Government's motion to dismiss, and instead found it appropriate to make a finding on the issue only after receiving the parties' respective motions for summary judgment. *Id.* at 582; *see Whalen*, 80 Fed. Cl. at 688.

Here, the security screenings in question are not as far removed from Plaintiffs' alleged principal activities as was the case in *Integrity Staffing* and *Whalen*. Plaintiffs state that their "primary job duty is to maintain the safety and security of the Institution." ECF No. 1 ¶ 9 (alleging that "plaintiffs achieve [safety and security] by maintaining constant vigilance to ensure that nothing out of the ordinary is occurring, immediately addressing any issues that they see no matter the location and time of day that it occurs"). They allege they are "charged with performing this job duty every moment that they are within [USP Lee]," beginning when they undergo the initial security screenings. *Id.*; *see id.* ¶ 17. According to Plaintiffs, "[t]his is the location where the plaintiffs perform their primary duty of safety and security and assist in assuring no contraband enters the Institution." *Id.* ¶ 17. Other courts have found that similar allegations are sufficient to survive a motion to dismiss. *See Alexander v. United States*, No. 21-1143 C, 2021 WL 5045270, at *10 (Fed. Cl. Oct. 30, 2021); *Adegbite*, 2021 WL 5045268, at *9; *see also Aguilar v. Mgmt. & Training Corp.*, 948 F.3d 1270, 1277 (10th Cir. 2020) (holding on the merits that undergoing security screenings were integral and indispensable to the principal activities of detention officers

11

in a county prison). Taken as true, Plaintiffs' Complaint sufficiently alleges facts to state a plausible claim for relief under the FLSA.

In addition to clearing security screenings, Plaintiffs allege that they perform other activities that are compensable work, including donning duty belts and equipment, traveling to and from their duty posts while remaining alert, and exchanging information with the outgoing and oncoming corrections officers at the change of shifts.[3] ECF No 1. ¶¶ 17–20. Similar to Plaintiffs' contention that security screenings are part of their primary job duties of maintaining safety and security at USP Lee, Plaintiffs also allege that these other activities are integral and indispensable to the performance of their duties. *Id.* Other courts have held that similar allegations are sufficient to state a plausible claim for relief under the FLSA. *See Alexander*, 2021 WL 5045270, at *11, *14–15; *Adegbite*, 2021 WL 5045268, at *10–12; *see also Steiner*, 350 U.S. at 249 (holding on the merits that showering and changing clothes was integral and indispensable to the work of battery-plant employees who were exposed to dangerous materials in the course of their duties); *Aguilar*, 948 F.3d at 1283 (holding on the merits that receiving pre-shift briefings, picking up and returning keys and equipment, and walking to and from their duty posts were compensable work of prison officers).

Whether an activity is compensable under the FLSA often comes down to the particular job at issue and the particular facts of each case. *See Mitchell v. King Packing Co.*, 350 U.S. 260, 263 (1956) (performing fact-specific analysis and concluding that "knife-sharpening activities of

---

[3] Each of these activities may amount to "compensable work" independent of the Court's determination with respect to the security screenings; however, finding as much would be unnecessary if the screenings are Plaintiffs' first principal activity of the workday. The Supreme Court has held that "during a continuous workday, any walking time that occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity is excluded from the scope of [the Portal-to-Portal Act], and as a result is covered by the FLSA." *IBP*, 546 U.S. at 37.

[knifemen at a meat packing plant] [were] an integral part of and indispensable to the various butchering activities for which they were principally employed"); *see also Aguilar*, 948 F.3d at 1277 ("whether an activity is compensable depends on 'the productive work that *the employee is employed to perform*.'" (emphasis in original) (quoting *Busk*, 574 U.S. at 36)). Discovery is warranted before this Court can conclusively determine whether the security screenings, donning of equipment, traveling to and from duty posts, and change-of-shift briefings alleged in this matter are *in fact* an integral and indispensable part of Plaintiffs' principal activities as correctional officers (and non-custody workers performing correctional officer duties) at USP Lee such that the activities are compensable work under the FLSA. *See Adegbite*, 2021 WL 5045268, at *10. All that is required at this early stage of litigation is sufficient factual allegations that, taken as true, plausibly state a claim. Plaintiffs have cleared that hurdle; thus, dismissal is inappropriate.

    **C.**    **Plaintiffs Plausibly Allege Non-De Minimis Activities That May Entitle Them to Relief under the FLSA.**

The Government further argues that Plaintiffs have insufficiently alleged facts that can support a finding that their uncompensated activities, as pled, surpass the de minimis threshold. ECF No. 10 at 15; *see* Def.'s Reply to Pls.' Resp. to Def.'s Mot. to Dismiss at 17, ECF No. 18. In their Complaint, Plaintiffs state that they regularly work in excess of 15 minutes, at a minimum, each shift doing uncompensated tasks. ECF No. 1 ¶¶ 12–13. The Government argues that if some of these tasks are not compensable work and the remaining activities take less than 10 minutes per shift, Plaintiffs could be without recourse under the FLSA. ECF No. 10 at 20 (citing *Abbey v. United States*, 99 Fed. Cl. 430, 436 (2011)).

The Government has not shown, however, that Plaintiffs' allegations fail under the de minimis doctrine as a matter of law. First, contrary to the Government's argument, a breakdown of "how long each of the alleged work activities takes" is not the focus of the de minimis rule.

13

ECF No. 10 at 19. Rather, Plaintiffs correctly note that the de minimis standard for compensability considers the time spent performing uncompensated activities in the aggregate. *See* ECF No. 11 at 20 (collecting cases). Second, as Plaintiffs note, under the continuous workday rule, the de minimis nature of individual activities performed after the workday has begun is legally irrelevant because all subsequent activities performed after the start of the workday are compensable. *Id.* at 22 (citing 29 C.F.R. § 790.6(a) and *Aguilar*, 948 F.3d at 1277–81).

The Government acknowledges this legal framework and does not dispute that Plaintiffs have alleged that the activities at issue take 15–30 minutes in the aggregate to perform each shift. *See* ECF No. 18 at 12–13. It, however, argues that Plaintiffs must allege facts from which the Court can *now* determine the particular activities that are compensable work or that are de minimis because an adverse finding with respect to, for example, security screenings could change the calculus of when the workday begins and whether the remaining activities fail to exceed the de minimis threshold. *Id*. As the Court has already indicated, these questions are more appropriately addressed at the merits after the parties conduct discovery, not on a motion to dismiss. *See Adegbite*, 2021 WL 5045268, at *12; *see* ECF No. 11 at 23–24 (citing *Freeman v. MedStar Health, Inc.*, 87 F. Supp. 3d 249, 258 (D.D.C. 2015), and *Sullivan v. PJ United, Inc.*, 362 F. Supp. 3d 1139, 1165 (N. D. Ala. 2019)).

At this stage, the Court looks to the well-pled factual allegations in the Complaint, assumes the truth of those allegations, and makes all reasonable inferences in favor of Plaintiffs. *United Pac. Ins.*, 464 F.3d at 1327–28. Here, even excluding the health screening, the numerous pre- and post-shift activities described in the Complaint plausibly support Plaintiffs' allegation about the duration of the time spent performing such activities, which as pled exceeds the 10-minute de minimis benchmark. *See* ECF No. 1 ¶¶ 17–23. Accordingly, Plaintiffs have pled facts to support

the allegations that their principal activity is to maintain safety and security at USP Lee, that the alleged activities in question are integral and indispensable components of that principal activity, that the time spent performing these activities exceeds the de minimis threshold, and that they have not properly been compensated for this time. *Id.* ¶¶ 9, 13, 17–20, 30–32. These allegations are sufficient to meet Plaintiffs' burden at the pleadings stage.[4] *See Alexander*, 2021 WL 5045270, at *17; *Adegbite*, 2021 WL 5045268, at *13.

### D.     Plaintiffs' Complaint is Not So Vague as to Warrant a More Definite Statement.

The Court has authority in its discretion to order a more definite statement where pleadings are unintelligible; however, such order is not intended as a remedy for lack of detail. *Quapaw Tribe*, 111 Fed. Cl. at 729–30. Although Plaintiffs are numerous, their Complaint satisfactorily provides "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2). The Government's own substantial briefing indicates that the Complaint is not "so vague or ambiguous" that the Government cannot reasonably respond. RCFC 12(e). As other courts have observed in similar FLSA cases, the detailed factual information that the Government suggests should be pled in the Complaint "[is] either in its possession as the employer of the Plaintiffs or [should] be readily produced in discovery." *Adams v. United States*, 151 Fed. Cl. 522, 529 (2020); *see Adegbite*, 2021 WL 5045268, at *14. Accordingly, the Court sees no good cause to exercise its discretion to order a more definite statement in this case.

---

[4] Because the Court holds that Plaintiffs' FLSA claim survives dismissal, the Government's request to dismiss Plaintiffs' claims under the Back Pay Act ("BPA") also fail. *See* ECF No. 10 at 20–21. As the Government correctly explains, the BPA is derivative and applies only when a separate "provision of law commands payment of money to the employee for the 'unjustified or unwarranted personnel action.'" *Id.* at 20 (quoting *Spagnola v. Stockman*, 732 F.2d 908, 912 (Fed. Cir. 1984)). Here, Plaintiffs have adequately stated a claim for relief under the FLSA.

## IV.  CONCLUSION

For these reasons, the Court **GRANTS IN PART** the Government's Motion to Dismiss (ECF No. 10) with respect to claims or requests for relief under the DJA and 28 U.S.C. § 1331 and **DENIES** the Motion in all other respects.  The Court **DENIES AS MOOT** Plaintiffs' first Motion for Leave to File Notice of Supplemental Authority (ECF No. 15) and **GRANTS** Plaintiffs' second Motion for Leave to File Notice of Supplemental Authority (ECF No. 19).

**SO ORDERED.**


Dated: December 30, 2021                                             */s/ Kathryn C. Davis*
                                                                                       KATHRYN C. DAVIS
                                                                                       Judge